David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA (RENO)

* * * * *

| | |
|---|---|
| MP ELKO, LLC, <br><br>Plaintiff, <br><br>vs. <br><br>INKA, LLC, <br>MDC RESTAURANTS, LLC, <br>VINCE EUPIERRE, and <br>JOSEPH SORACI, <br><br>Defendants. | Case No. 3:21-cv-00334-MMD-CLB <br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Defendants (each a "Party," and collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1. **Purposes and Limitations**. Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Confidentiality Agreement and Protective Order ("Protective Order"). The Parties

1

acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and appropriately designated pursuant to the terms set forth herein. The Parties further acknowledge, as set forth below, that this Protective Order does not entitle them to file confidential information under seal; applicable rules and procedures must be followed when a party seeks permission from the court to file material under seal.

2. **Confidential Information.** In producing, providing, receiving, or revealing discovery materials, any party ("Designating Party") may designate as "CONFIDENTIAL" the whole or any part of discovery material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, and/or similar commercially sensitive business information or data which the Designating Party in good faith believes in fact is confidential or that unprotected disclosure might result in economic or competitive injury. A Designating Party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of the disclosure to the other party ("Non-Designating Party") or to the Designating Party, or becomes part of the public domain after its disclosure to any party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Non-Designating Party prior to the disclosure or obtained by the Non-Designating Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3. **Designation of Confidential Information.** If the Designating Party in this action determines that any of its documents or things or responses produced in the course of discovery in this action should be designated as provided above and, therefore constitute "Confidential Information," it shall advise the Non-Designating Party who had received such Confidential Information of this fact, and all copies of such document; or things or responses or portions

thereof deemed to be confidential shall be marked "CONFIDENTIAL" at the expense of the Designating Party and treated as confidential by all parties. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to discipline imposed by the Court. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4. **Use of Confidential Information.** All Confidential Information designated or marked as provided herein shall be used by the Non-Designating Party solely for the purposes of this lawsuit, and shall not be disclosed to anyone other than those persons identified in Section 6 until such designation is removed by the Designating Party or by order of the Court. Such Confidential Information shall not be used by any Non-Designating Party or other person granted access thereto under this Protective Order for any purpose other than the instant lawsuit, including, but not limited to, a business or competitive purpose. Nothing herein shall preclude the Designating Party from using its own Confidential Information.

5. **Use of Confidential Information in Depositions.** Any party shall have the right to use Confidential Information during depositions. However, to the extent a third party deponent is present, that third party deponent shall be informed of this Protective Order and requested to execute Attachment A. If a third party deponent fails or refuses to execute Attachment A, the third party deponent will be required to return all Confidential Information disclosed during the deposition and shall be advised that any violation of this Protective Order may result in the imposition of discipline or sanctions as the Court deems proper.

3

At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a party deems that the answer to the question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Protective Order. When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Section 6 and to the testifying third party deponent, and the information contained therein shall be used only as specified in this Protective Order. Moreover, all originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty (30) days of receiving the transcript. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

6. **Disclosure of Confidential Information.** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court and to the persons designated below:

a) Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

b) A party, or officers, directors, principals, and employees of a party deemed necessary by their counsel to aid in the prosecution, defense, or settlement of this action;

c) Third party deponents at the time of their deposition;

d) Outside experts or consultants (together with their clerical staff) utilized by such counsel to assist in the prosecution, defense, or settlement of this action;

4

e) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

f) This Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

g) Court reporter(s) and videographers(s) employed in this action; and

h) Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), (e), (f) (g) or (h) of paragraph 6 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subparts (d) or (e) of paragraph 6 shall be required to execute Attachment A or an equivalent agreement which executes the protections set forth herein.

7. **Filing of Confidential Information With Court.** Any party seeking to file or disclose Confidential Information to the Court, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents which have previous thereto been designated as containing Confidential Material or any pleading or memorandum reproducing or containing such information, may do so by first filing a written motion in applicable rules and procedures governing filing of documents under seal.

8. **Application to Third Parties.** This Protective Order shall inure to the benefit of and may be invoked and enforced by third parties with respect to documents and information produced by them in the course of pretrial discovery in this action (e.g., in response to subpoena) and designated by them as "CONFIDENTIAL" in the manner provided herein. Any third party

invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order. If a third party produces information that the Parties believe should be designated as "CONFIDENTIAL," but has not been designated accordingly by the producing third party, the Parties agree to meet and confer concerning appropriate designation.

9. **Knowledge of Unauthorized Use or Possession.** The Non-Designating Party shall immediately notify the Designating Party in writing if the Non-Designating Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Material which has occurred by way of Confidential Material provided to that Non-Designating Party. The Non-Designating Party shall promptly furnish to the Designating Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure, the Non-Designating Party shall assist the Designating Party in preventing its recurrence and shall cooperate fully with the Designating Party in any litigation to prevent unauthorized use or further dissemination of the Confidential Material.

10. **Copies, Summaries or Abstracts.** Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "Confidential" and shall be considered Confidential Material subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this paragraph, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

11. **Information Not Confidential.** The restrictions set forth in this Protective Order shall not be construed:

    a) To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Non-Designating Party; or

    b) To apply to information or other materials that, under law, have been declared to be in the public domain.

12. **Designation of Discovery Materials.** Documents and other discovery materials (or portions thereof) constituting, comprising, containing or referring to Confidential Information, in

whole or in part, shall be identified by being marked or stamped as "CONFIDENTIAL" as applicable. With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in this manner is impossible or impractical, the Designating Party may use such other method of designation as is reasonable under the circumstances. Additionally, to the extent electronic files may not be workably converted for view in pdf format and the Designating Party desires to produce such information in native format, the bates reference and "CONFIDENTIAL" legend may be included in the file name and the Parties agree that such designation shall apply to the entirety of the native document/file and its contents.

13. **Challenges to Designations.** The Parties agree that a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed. However, the Parties agree that a challenging party's lack of diligence or unreasonable delay in making its challenge may be considered by the Court, among other factors, in regard to any dispute over confidential designation(s). If counsel for any party claims that counsel for any other party or nonparty has unreasonably designated certain information as Confidential Material, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting counsel shall send written notice to counsel for the party claiming confidentiality notifying counsel of the objection with specific Bates number reference to Confidential Material. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. If the Parties cannot resolve a challenge without Court intervention, the objecting party shall be given twenty-one (21) days to make an appropriate application to this Court. If an application is not made within the designated time period, the material will remain designated as Confidential Material under this Agreement. Nothing in this section requiring the objecting party to bring its application shall prohibit the Designating Party to bring its own motion seeking a court determination as to confidentiality.

14. **Use in Court.** In the event that any Confidential Material is used in any pretrial court proceeding in this action, it shall not lose its confidential status through such use, and the

7

party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use, including without limitation, requesting that the Court seal any transcript with respect to such proceeding. Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Material at the trial of this action.

15. **No Waiver Of Confidential Nature of Information.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Protective Order shall be deemed (i) to have the effect of an admission or a waiver by either party of the confidentiality or non-confidentiality of any materials, (ii) to alter the confidentiality or the non-confidentiality of any such document or information, (iii) to alter any existing obligation of any party or the absence thereof, or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial. Entry of this Protective Order does not preclude any party from seeking or opposing additional protection for particular information.

16. **Inadvertent Failure to Designate.** The inadvertent failure of a Designating Party to designate discovery materials as Confidential Information as such (whether in the form of documents, interrogatories, testimony or otherwise) shall not be deemed, by itself, to be a waiver of the party's or non-party's right to so designate such discovery materials. Promptly upon learning of any such inadvertent failure, the Designating Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a Non-Designating Party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Protective Order. The Non-Designating Party agrees to act in good faith with respect to Designating Party's efforts in seeking to notify any third party recipient that the information received is confidential and protected.

17. **No Waiver of Privilege.** This Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

18. **Return or Destruction of Information.** Within thirty (30) days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, upon the written request of a Designating Party, all documents and things, including transcripts of depositions (or appropriate portions of such transcripts), together with all copies thereof, which have been designated as Confidential Material, shall be returned to the Designating Party. In lieu of returning such designated materials as provided above, counsel for the Non-Designating Party may certify in writing to counsel for the Designating Party that the materials have been destroyed.

19. **Other Actions And Proceedings**. If a Non-Designating Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking discovery materials which were produced or designated as Confidential pursuant to this Protective Order, the Non-Designating Party shall give prompt written notice to counsel of record for such Designating Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Designating Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law and, if necessary, move for a protective order. Should the person seeking access to the Confidential Discovery Materials take action against the Non-Designating Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Non-Designating Party shall respond by setting forth the existence of this Protective Order. The Designating Party shall bear the fees and costs associated with seeking to protect its Confidential Material, including, but not limited to, the filing of any motion for protective order.

20. **Order Survives Termination.** This Order shall survive the termination of this action, ~~and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.~~ The Court's jurisdiction shall cease upon termination of this case.

9

21. **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

| | |
|---|---|
| DATED: January 28, 2022 | DATED: January 28, 2022 |
| /s/ John Neil Stephenson | /s/ Anthony J. DiRaimondo |
| John Neil Stephenson, Esq. (NSB #12497) **Stephenson Law, PLLC** 1770 Verdi Vista Court Reno, Nevada 89523 Telephone: 510-502-2347 *Attorneys for Plaintiff/Counter-defendant* | David A. Carroll, Esq. (NSB #7643) Anthony J. DiRaimondo, Esq. (NSB # 10875) **Rice Reuther Sullivan & Carroll LLP** 3800 Howard Hughes Parkway, Suite 1200 Las Vegas, Nevada 89169 Telephone: (702) 732-9099 *Attorneys for Defendants/Counterclaimants* |

### PROTECTIVE ORDER

Pursuant to the stipulation of the Parties stated above,

IT IS SO ORDERED.   The Court's jurisdiction shall cease upon termination of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**
**Dated:** January 31, 2022

**CONFIDENTIALITY AGREEMENT (Form A)**

I hereby attest to my understanding that information or documents provided to me in conjunction with the action *MP Elko v. Inka, LLC*, No. 3:21-cv-00334-MMD-CLB (D. Nev.), are subject to the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"); that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Confidentiality Agreement attached to the Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents pertaining to the matter.

I further agree that I shall not disclose to others except in accord with the Protective Order, any Confidential Information, in any form whatsoever, and that such Confidential Information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information will continue even after this matter concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Nevada for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order.

/s/ _____

Print Name: _____

Date: